UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.: 8:17-cr-114-T-36JSS

JULIO CESAR CHANCAY QUIMIS

_____/

## ORDER

THIS MATTER came before the Court on a hearing to determine Defendant's competency to stand trial.  In March 2017, clinical psychologist Dr. Deborah Goldsmith was appointed to examine Defendant for competency to stand trial pursuant to 18 U.S.C. § 4241.  Thereafter, Dr. Goldsmith examined Defendant on three occasions: April 22, 2017, May 20, 2017, and July 1, 2017.  On July 6, 2017, Dr. Goldsmith submitted a psychological evaluation report in which she found Defendant "incompetent to proceed with his legal proceedings."  (Dkt. 66, Ex. 1.) Subsequently, Defendant requested a hearing to determine Defendant's mental competence.  (Dkt. 66.)  A hearing was held before the undersigned on July 24, 2017.

At the hearing, Defense counsel moved to have Defendant remanded to the custody of the Attorney General to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the trial to proceed.  The Government does not oppose Defendant's request.  Accordingly, after considering Dr. Goldsmith's psychological evaluation report and the statements made by Defense counsel at the hearing, I find by a preponderance of the evidence that Defendant appears to be presently suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.  It is therefore, **ORDERED**:

1.   Defendant is hereby **REMANDED** to the custody of the Attorney General, who shall hospitalize Defendant for treatment in a suitable facility for such reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit further proceedings in this cause, or for such additional reasonable time until Defendant's medical condition is improved such that he may proceed to trial.

2.   The Director of the facility designated by the Attorney General shall report to the Court Defendant's status within this period.  If necessary, this Court will entertain a request for an additional reasonable period of commitment as authorized under Section 4241(d)(2).

3. If the Director of the facility in which Defendant is hospitalized determines that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the Director shall promptly file a certificate to that effect with the Clerk of the Court.

4.   The Clerk is directed to furnish copies of the Indictment, Dr. Goldsmith's report, and this Order to the United States Marshal so that these items can be forwarded to the Bureau of Prisons.  Dr. Goldsmith's original report, however, is to be placed under seal.

5.   The United States Marshal shall promptly make arrangements for the transfer of Defendant to the custody of the Attorney General as directed herein.

**DONE** and **ORDERED** in Tampa, Florida, on July 24, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

2